FILED & ENTERED

MAY 07 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:   First Option Lending International Inc., <br> Alleged Debtor. | Case No.:   2:19-bk-13104-ER <br><br> Chapter:   7 <br><br> **MEMORANDUM OF DECISION DENYING MOTION FOR RECONSIDERATION OF ORDER DISMISSING INVOLUNTARY PETITION WITH A 180-DAY BAR AGAINST RE-FILING** <br><br> [No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    Lloyd White ("White"), the Chief Executive Officer of First Option Lending International, Inc. (the "Alleged Debtor"), moves for reconsideration (the "Motion")[1] of the order dismissing the involuntary petition filed against the Alleged Debtor. Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[2] the Court finds that this matter is suitable for disposition without oral argument. For the reasons set forth below, the Motion is DENIED.

---

[1] *See* Ex-Parte Motion to Set Aside Dismissal and Foreclosure Sale [Doc. No. 15].
[2] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.

## I. Background

On March 21, 2019 (the "Petition Date"), Avis Copelin and Reno Logan (the "Petitioning Creditors") filed an *Involuntary Petition Against a Non-Individual* (the "Involuntary Petition"), seeking relief under Chapter 7, against First Option Lending International Inc. (the "Alleged Debtor"). According to the Involuntary Petition, the Alleged Debtor owed Copelin $25,000 on account of a promissory note and owed Logan $12,000 on account of a promissory note.

On April 23, 2019, the Court conducted a Status Conference with respect to the Involuntary Petition. Prior to the Status Conference, Alan S. Vertun and Jeffrey Vertun (the "Secured Creditors") requested that the Court dismiss the Involuntary Petition with a 180-day bar against re-filing. *See* Secured Creditor's Status Conference Statement [Doc. No. 7] (the "Status Conference Statement"). Secured Creditors hold a first deed of trust against real property located at 12131 McKinley Avenue, Los Angeles, CA 90059 (the "Property"). According to the Involuntary Petition, the Property is the Alleged Debtor's principal place of business. Secured Creditors argued that dismissal was appropriate because the Involuntary Petition was not properly served, was not filed by the requisite number of petitioning creditors, and was filed for the improper purpose of preventing the Secured Creditors from foreclosing upon the Property. *See* Status Conference Statement at ¶¶ 1–11.

Neither the Petitioning Creditors or the Alleged Debtor appeared at the Status Conference. The Court made the following findings at the Status Conference:

> [T]he Petitioning Creditors did not file the Involuntary Petition in good faith for the purpose of collecting upon obligations owed by the Alleged Debtor. Instead, the Petitioning Creditors and the Alleged Debtor filed the Involuntary Petition collusively, for the purpose of preventing the Secured Creditors from exercising their remedies with respect to the Property. This bad faith collusion is evidenced by the fact that the Involuntary Petition was filed only one week prior to a scheduled non-judicial foreclosure sale and by the fact that Avis Copelin, one of the Petitioning Creditors, faxed the foreclosure trustee notice of the filing on the day prior to the foreclosure sale. It is further evidenced by the fact that the Involuntary Petition was not properly served upon the Alleged Debtor. Finally, the Petitioning Creditors have failed to supply any evidence substantiating the validity of the indebtedness alleged.

Final Ruling Dismissing Involuntary Petition [Doc. No. 11].

Based upon the foregoing findings, the Court dismissed the Involuntary Petition and enjoined the Petitioning Creditors from filing a further Involuntary Petition against the Alleged Debtor for a period of 180 days. *See* Order (1) Dismissing Involuntary Petition and (2) Imposing a 180-day Bar Against Refiling [Doc. No. 8] (the "Dismissal Order").

On May 6, 2019, White filed the instant Motion. White seeks an order setting aside the Dismissal Order and an order setting aside the foreclosure sale of the Property, which occurred on April 30, 2019. White argues that the Secured Creditors did not properly serve the Status Conference Statement; that the foreclosure sale was invalid because it was held prior to the expiration of a 14-day stay which purportedly applied to the Dismissal Order; and that the Secured Creditors are not licensed to collect upon debts against residential property.

## II. Findings and Conclusions

The Motion was filed by White, in his capacity as the Alleged Debtor's chief executive officer. Although White asserts that he is the "real party in interest," the Motion seeks relief on behalf of the Alleged Debtor, not on behalf of White. For example, the Motion states:

> [Alleged Debtor] needs automatic stay protection against the [Secured Creditors] due to the fact that there is a disputed debt; a lack of beneficial interest in the Note; and a lack of statutory standing by the [Secured Creditors].… [The Alleged Debtor] should have the opportunity to pursue remedies in a bankruptcy court which is a proper venue to dispute the unlawful collection of a debt. For the foregoing reasons, [the Alleged Debtor] requests that the Court vacate the dismissal and set aside the unlawful foreclosure sale.

Motion at 5.

The Alleged Debtor is a corporation. It is well established that a corporation, trust, limited liability company, or other type of business entity "may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). This requirement is reiterated in LBR 9011-2(a). White is not licensed to practice law in the State of California. As such, White is not authorized to seek relief on behalf of the Alleged Debtor.

Even if the Court were to disregard the fact that the Motion is not properly before it, nothing in the Motion indicates that the Court should reconsider the Dismissal Order. First, the Motion confirms the Court's prior finding that the Petitioning Creditors and the Alleged Debtor filed the Involuntary Petition collusively, for the purpose of preventing the Secured Creditors from exercising their remedies with respect to the Property. The fact that the Alleged Debtor welcomes the Involuntary Petition and does not dispute its indebtedness to the Petitioning Creditors corroborates the bad-faith nature of the Involuntary Petition.

Second, there is no merit to White's contention that the Status Conference Statement filed by the Secured Creditors was not properly served upon him. The Secured Creditors sent the Status Conference Statement by first-class mail to the Property and to White's address as it appeared on the most recent Statement of Information filed by the Alleged Debtor with the California Secretary of State. "Mailing a timely notice by first class mail to a party's last known address is sufficient to satisfy due process. Under the "mailbox rule," upon proof that mail is properly addressed, stamped and deposited in an appropriate receptacle, it is presumed to have been received by the addressee in the ordinary course of the mails." *Hasso v. Mozsgai (In re La Sierra Fin. Servs., Inc.)*, 290 B.R. 718, 733 (B.A.P. 9th Cir. 2002) (internal citations and quotation marks omitted). White has failed to introduce evidence sufficient to defeat the presumption created by the mailbox rule.[3]

Third, White contends that the foreclosure sale is invalid because it was conducted prior to the expiration of a 14-day stay which purportedly applied to the Dismissal Order. White cites Bankruptcy Rule 7062, which provides that "proceedings to enforce a judgment are stayed for 14

---

[3] White also argues service was defective because the Statement of Information was served upon the Alleged Debtor at its business address rather than upon the Alleged Debtor's agent for service of process. White's argument is without merit. The Alleged Debtor's most recent Statement of Information states that White is a director of the Alleged Debtor, and that White's address is 357 Van Ness Way, Suite 170, Torrance, CA 90501. The Statement of Information was served upon the Alleged Debtor at the Torrance address. Pursuant to Civil Rule 4(h), service upon a corporation may be accomplished by serving a director or officer of the corporation.

days after its entry." White's theory is that the Dismissal Order constitutes a judgment within the meaning of Bankruptcy Rule 7062. White is mistaken. The Dismissal Order does not qualify as a "judgment" under Bankruptcy Rule 7062 and therefore is not subject to a 14-day stay. Immediately upon entry of the Dismissal Order, the automatic stay ceased to apply to the Alleged Debtor. The foreclosure sale which occurred seven days after entry of the Dismissal Order did not violate the automatic stay.

Finally, White maintains that the foreclosure sale was invalid because the Secured Creditors lack the proper licenses to enforce debts against residential property. Because the Court has found that the Dismissal Order was proper, the Court lacks jurisdiction over the Property, making it inappropriate for the Court to make any findings with respect to the validity of the foreclosure sale.

Based upon the foregoing, the Motion is DENIED. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: May 7, 2019

Ernest M. Robles
United States Bankruptcy Judge